UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-10

MARCIA BIGGERS                                                                                          PLAINTIFF

v.

GREEN ACRES HEALTH SERVICES, INC.                                                      DEFENDANT

**OPINION & ORDER**

This matter was referred to the Magistrate Judge by Senior Judge Thomas B. Russell for ruling on discovery motions. (DN 15). Before the court is the plaintiff's motion for a protective order to prevent the compelled disclosure of her daughter's medical records. (DN 20). Because this court finds the medical records relevant and the third party's privacy interests adequately protected, the motion for a protective order is DENIED.

**BACKGROUND**

The plaintiff, Marcia Biggers, is a former employee of defendant Green Acres Health's nursing home facility in Mayfield, Kentucky. She alleges Green Acres violated the entitlement and retaliation provisions of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq. (FMLA) when her FMLA leave was revoked and her employment subsequently terminated. The FMLA entitles workers meeting certain prerequisites to twelve weeks leave from work to care for family members with a "serious health condition." 29 U.S.C. §2612(a)(1)(C).

The plaintiff requested FMLA leave to care for her daughter and grandchild after the child's birth. A letter from the defendant to the plaintiff dated August 8, 2013 granted the plaintiff six weeks FMLA leave. (8/8/2013 Letter, DN 21-1). The defendant contends this leave was granted conditionally based upon the plaintiff's earlier representations that her "daughter

was pregnant and going to have complications." (<u>Response to Motion for Protective Order</u>, DN 21 at 2). However, Green Acres asserts the plaintiff's documentation certifying her entitlement to FMLA leave showed no pregnancy complications. (DN 21-2). Thus, the defendants argue, the daughter did not have a serious medical condition, and the plaintiff was not entitled to FMLA leave. (<u>Response to Motion for Protective Order</u>, DN 21 at 2).

The discovery dispute centers on the defendant's request for the daughter's medical records. (<u>Subpoena</u>, DN 20-5). The plaintiff contends her daughter's medical records are irrelevant and outside the scope of discovery because Sixth Circuit precedent estops the defendant's from denying the elder Ms. Biggers' FMLA eligibility. The defendants do not concede estoppel. They contend without a ruling on estoppel's applicability, that issue provides no basis to deny the medical record's discovery.

## ANALYSIS AND CONCLUSION

This court agrees with the defendant. The estoppel issue is not before the court. "[E]quitable estoppel is… a judicial doctrine that bars the assertion of a claim or defense." <u>Dobrowski v. Jay Dee Contractors, Inc.</u>, 571 F.3d 551, 554 n1 (6th Cir. 2009). A motion for a protective order is not the appropriate context to address this dispositive issue. As such, the motion before the court turns on the relevancy of the medical records and the Federal Rules' standards for protective orders.

First, the medical records are relevant. As one of the situations entitling an employee to FMLA leave is to care for a child with a serious medical condition, that underlying medical condition is relevant to the FMLA claim. Second, given this relevancy, the plaintiffs have not demonstrated sufficient need for a protective order. Even when evidence is relevant, courts may grant protective orders for "good cause" to avoid embarrassment. FED. R. CIV. P. 26(c). These

orders may include instructions forbidding discovery on certain topics or specifying the appropriate time or place for discovery. The plaintiff has requested this court bar discovery of her daughter's medical condition including medical records to avoid embarrassment or harassment. However, neither the younger Ms. Biggers nor her records' custodian (her doctor) has objected to the subpoena. (<u>Response to Motion for Protective Order</u>, DN 21 at 5).

While this court is sensitive to the privacy interests implicated in the subpoena of third party medical records, the agreed protective order in place (DN 17) adequately protects the younger Ms. Bigger's privacy interests. That agreement allows any party to designate as confidential documents filed with the court. The Defendant asserts it will not contest the designation of the medical records at issue as confidential. (DN 21 at 4). Absent objections from the subject of the medical records or their custodian, this court sees no reason why this agreed protective order is insufficient. Accordingly, the motion for a protective order (DN 20) is HEREBY DENIED.

cc:     counsel